IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

ANTONIO HARDY, #186 522                    *

      Petitioner,                              *

        v.                                  *        2:07-CV-1110-WKW
                                (WO)
WARDEN J.C. GILES, *et al.*,               *

      Respondents.                            *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This matter is pending before the court on a 28 U.S.C. § 2254 petition for habeas corpus filed by Petitioner on December 19, 2007.[1]  In this petition, Petitioner challenges his convictions for murder and possession of a controlled substance entered against him by the Circuit Court for Dallas County, Alabama, on January 20, 2006 and May 2, 2006 respectively.

## DISCUSSION

This court, "in the exercise of its discretion and in furtherance of justice," may transfer Petitioner's application for writ of habeas corpus to "the district court for the district within

---

[1] Although the Clerk of this court stamped the present petition "filed" on December 21, 2007, Petitioner certified the petition for mailing on December 19, 2007.  The law is well settled that a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  In light of the foregoing and for purposes of this Recommendation, the court considers December 19, 2007 as the date of filing.

which the State court was held which convicted" Petitioner. 28 U.S.C. § 2241(d). Petitioner

seeks to challenge convictions entered against him by the Circuit Court for Dallas County,

Alabama. Dallas County is located within the jurisdiction of the United States District Court

for the Southern District of Alabama. In light of the foregoing, the court concludes that the

transfer of this case to such other court for review and disposition is appropriate.[2]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case

be TRANSFERRED to the United States District Court for the Southern District of Alabama

pursuant to the provisions of 28 U.S.C. § 2241(d).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said

Recommendation on or before **January 22, 2008**. Any objections filed must specifically

identify the findings in the Magistrate Judge's Recommendation to which a party objects.

Frivolous, conclusive or general objections will not be considered by the District Court. The

parties are advised that this Recommendation is not a final order of the court and, therefore,

it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the

Magistrate Judge's report shall bar the party from a *de novo* determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual

---

[2]A decision on Petitioner's application for *in forma pauperis* status and motion for evidentiary hearing are reserved for ruling by the United States District Court for the Southern District of Alabama.

2

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981 ) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 7th day of January 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE